UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-407-KSF

IVAN PARKER GRIGGS                                                                    PETITIONER

v.                                      **OPINION & ORDER**

JOSEPH MEKO, WARDEN
LITTLE SANDY CORRECTIONAL COMPLEX                                  RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

On December 13, 2011, the petitioner, Ivan Parker Griggs, by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning his conviction in Fayette Circuit Court for one count each of murder and tampering with physical evidence [DE #1]. The respondent, Warden Joseph Meko, filed his response seeking dismissal of the petition on March 19, 2012 [DE #11]. Consistent with local practice, this matter was referred to the Hon. Candace J. Smith, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

On January 22, 2013, the Magistrate Judge filed her Report and Recommendation, recommending that, based on a review of the record and the applicable case law, the petition be denied [DE #15]. On February 7, 2013, the Court granted the motion to withdraw filed by Griggs' counsel [DE #20]. Griggs then filed his objections, *pro se*, to the Magistrate Judge's Report and Recommendation on February 22, 2013 [DE #21]. As a result, this matter is now ripe for review.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of the murder of Mary Salyers. Salyers, a woman with whom Griggs had engaged in an extramarital affair, was the mother of Griggs' daughter. Griggs, his wife Deborah,

and Salyers were all involved in parenting the child. Although the affair had ended and Griggs' marriage survived, Griggs grew jealous of Salyers' relationships with other men. On June 12, 2005, when Griggs arrived at Salyers' house to pick up his daughter, he became upset at the presence at Salyers' house of a male friend. Griggs later returned to Salyers' house and a fight erupted between Salyers and Griggs. As a result of the fight, Salyers was shot twice in the head and died.

Griggs was charged by a Grand Jury of the Fayette Circuit Court with murder and tampering with physical evidence in relation to the shooting death of Salyers. Following a jury trial, Griggs was convicted of both charges on October 11, 2006. During the sentencing phase, the Commonwealth presented one witness; Griggs did not present any mitigation evidence nor did his counsel make an opening argument. The jury returned with a sentence recommendation of thirty years incarceration on the murder conviction and one year incarceration on the tampering with physical evidence conviction, to be run consecutively, which the court subsequently imposed.

Griggs filed a direct appeal to the Supreme Court of Kentucky, raising two issues on appeal: whether the trial court erred when it refused to suppress the confession he made to investigating officers and when it refused to declare a mistrial when his counsel belatedly objected to the fact that prior to making the confession, Griggs had not been properly read his *Miranda* rights. The Kentucky Supreme Court ultimately upheld his conviction and sentence.

Griggs then filed a RCr 11.42 Motion to Vacate, Set Aside or Correct Sentence, or in the alternative to grant a new sentencing hearing. In support of this motion, Griggs argued that his counsel provided him with ineffective assistance of counsel by failing to: (1) investigate and present mitigating witnesses; (2) investigate and effectively present an extreme emotional disturbance defense; and (3) object to the incompleteness of the jury instructions. An evidentiary hearing was

held on October 29, 2009. After reviewing the record, the court denied Griggs' RCr 11.42 motion on November 30, 2009. The Kentucky Court of Appeals affirmed this order on March 11, 2011.

Griggs then filed the instant § 2254 petition. Here he raises two claims of ineffective assistance of counsel. First, Griggs contends that his counsel failed to investigate and effectively present an extreme emotional disturbance defense. Second, Griggs contends that his counsel failed to investigate and present mitigation evidence during the penalty phase of his trial. The respondent has filed his response [DE # 11].

## II.   THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In her Report and Recommendation, the Magistrate Judge first set out the appropriate standard of review. While Griggs argues that the standard of review in § 2254(d)(1) does not apply and that the standard of review is *de novo*, the Magistrate Judge explained that where a state court adjudicated a petitioner's ineffective assistance of counsel claim on the merits, the court does not conduct a *de novo* review unless the habeas court determines that the state court's decision was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court of the United States. Consequently, the Magistrate Judge applied the standard set out in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), ("AEDPA"), and review the state courts' adjudication of the merits of Griggs' claims to determine if the adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Magistrate Judge then turned to the substance of Griggs' claims.

The Magistrate Judge fully considered Griggs' claim that his trial counsel was ineffective for failing to investigate and present an extreme emotional disturbance defense. Griggs contends that his trial counsel should have called his wife Deborah to discuss the stresses facing Griggs in the months preceding the killing. However, trial counsel testified at the evidentiary hearing that he feared calling Deborah because of what she might say during cross examination. The Magistrate Judge reviewed the evidence and determined, based on the standard set out in *Strickland v. Washington*, 466 U.S. at 668 (1984), that Griggs was unable to show that the Kentucky court erred in its finding that trial counsel's performance did not fall below an objective standard of reasonableness. Moreover, even if counsel's performance was constitutionally deficient, the Magistrate Judge found that Griggs failed to establish a reasonable probability that, but for counsel's constitutionally deficient assistance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694. Essentially, the Magistrate Judge determined that any testimony from Deborah would have been cumulative to other evidence presented to the jury.

The Magistrate Judge also thoroughly considered Griggs' claim that his trial counsel failed to investigate and present mitigation evidence during the penalty phase. Specifically, Griggs complains that his trial counsel failed to contact or call witnesses who allegedly could present testimony as to his good character. However, the Magistrate Judge determined that Grigss' trial counsel made a strategic decision not to call certain character witnesses because the value of their character testimony was outweighed by the risk that cross examination of the witnesses would reveal prejudicial information, including charges of prior domestic abuse the victim made against Griggs.

4

As a result, the Magistrate Judge concluded that the decision not to investigate or call mitigating witnesses was supported by reasonable professional judgment and was not "contrary to" nor an "unreasonable application" of *Strickland*. Additionally, the Magistrate Judge determined that Griggs failed to establish that counsel's decision not to present mitigating witnesses did not prejudice the outcome of the proceedings. For these reasons, the Magistrate Judge recommended that Griggs § 2254 petition be denied. Furthermore, the Magistrate Judge recommended that a certificate of appealability be denied.

### III.    *DE NOVO* REVIEW OF GRIGGS' OBJECTIONS

Griggs filed *pro se* objections to the Magistrate Judge's Recommended Disposition on February 22, 2013 [DE #21]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). In his objections, Griggs first notes that as a *pro se* litigant, he is a novice at the law. Certainly, the pleadings of *pro se* litigants are held to less stringent standards than those prepared by attorneys, and as a result, the Court will liberally construe Griggs' objections. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Griggs first objects to the Magistrate Judge's resolution of his ineffective assistance of counsel claim based on the failure to call mitigating witnesses. Griggs contends that his trial counsel failed to interview potential witnesses and thus never had enough information to render a reasonable professional decision as to whether or not to call the witness. However, the Court agrees with the Magistrate Judge that the decision not to call any mitigating witnesses was a reasonable trial strategy in light of the potential damage that could result on cross examination.

Next, Griggs objects to the Magistrate Judge's resolution of his ineffective assistance of counsel claim based on failure to present the extreme emotional disturbance defense. A review of the evidence presented at trial, as well as trial counsel's closing statement, reveals that counsel articulated the basis, based on the jury instructions, from which the jury could find extreme emotional distress. Thus, trial counsel was not constitutionally deficient in his presentation of this defense. Moreover, Griggs has failed to establish that but for counsel's alleged unprofessional errors, the result of the proceeding would be different. The evidence presented by the Commonwealth against Griggs provided sufficient evidence that the murder was not a spur of the moment decision. Griggs has simply failed to demonstrate the prejudice prong of *Strickland*.

For all of these reasons, as well as those set out more fully by the Magistrate Judge in her Report and Recommendation, the Court finds that Griggs' ineffective assistance of counsel claims fail. Accordingly, the Magistrate Judge did not err in rejecting these claims.

In determining whether a certificate of appealability should issue as to Griggs' claims, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Griggs has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

IV.    CONCLUSION

After having considered Griggs' objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that

(1)   the Magistrate Judge's Recommended Disposition [DE #15] is **ADOPTED** as and for the opinion of the Court;

(2)   the petitioner's objections to the Magistrate Judge's Recommended Disposition [DE #21] are **OVERRULED**;

(3)   the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] is **DISMISSED WITH PREJUDICE**;

(4)   a certificate of appealability **SHALL NOT** issue;

(5)   judgment will be entered contemporaneously with this order.

This March 6, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge